In re Consuelo EVERETTS, Debtor.

Paul T. GEFREH, Trustee, Plaintiff,

v.

Consuelo EVERETTS, Anthony Clarence Casados, Andrew Timothy Casados, Faith Tabernacle Trinity Church and Ethelyn J. Potestio, Defendants.

Bankruptcy No. 86 B 02629 M.
Adv. No. 86 J 0782.

United States Bankruptcy Court,
D. Colorado.

March 4, 1987.

Paul T. Gefreh, Colorado Springs, Colo., trustee.

Anthony C. Casados, Pro Se.

Faith Tabernacle Trinity Church, Pro Se.

Consuelo Everetts, Pro Se.

Andrew T. Casados, Pro Se.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge *

Heard on January 27 and 28, 1987, on the trustee's complaint seeking to recover preferential transfers [1] from certain of the above named defendants, to avoid a transfer of the debtor's real property, and to revoke the debtor's discharge.

The relevant facts [2] are summarized briefly as follows: On March 30, 1986, Consuelo Everetts filed a Chapter 7 petition, primarily to stay the commencement of a pending state court trial in which she was the defendant in a wrongful death action.[3] Four days later, on April 3, 1986, she became entitled to an inheritance of $20,000 under the will of Mary Thatcher Jones, for whom she had performed domestic and personal services for many years. The debtor received written notice [4] of her entitlement to said bequest shortly after April 23, 1986, as were all the other legatees, and a $20,000 check was issued to Ms. Everetts on June 13, 1986 by Ethelyn Potestio, the personal representative and daughter of Mrs. Jones. The debtor had been informed by the former trustee [5] at the § 341 meeting held on May 30, 1986, that this "surprise asset" belonged to the bankruptcy estate,

and not to her. At the hearing before me on January 27, 1987, the debtor testified that she cashed the check on June 23, 1986, and on that same date deposited the cash into a bank account which she had opened.[6] She could not recall who, if anyone, was with her either when she deposited the check, or when she later withdrew the cash. Despite the clear admonitions of the trustee, in early July the debtor disbursed the bulk of the $20,000 to her two sons and to Faith Tabernacle Trinity Church, defendants, and to several other creditors, in smaller amounts, as follows:

| Parkview Hospital | $1648.00 |
| Corwin Hospital | $ 493.99 |
| Minnequa Bank | $2119.50 |
| Montgomery Ward | $ 925.90 |

Debtor's former attorney testified that he had warned the debtor that she would have to reimburse the estate if she used any of the money, even to pay current living expenses. Debtor (after having waived the attorney-client privilege) admits receiving that advice.

The bequest received by the debtor under the will of Mrs. Jones in the amount of $20,000 is found to be property of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(A). Since the $20,000 in question was property of the estate, the debtor had no authority to transfer any of it, for whatever reason, nor do the transferees

---

* Of the District of Rhode Island, sitting by designation.

1. Although the complaint is captioned as one to recover "Preferential Transfers," the trustee seeks no relief under 11 U.S.C. § 547. Regarding the cash disbursements, we have treated this as a complaint to avoid unauthorized post-petition transfers. See 11 U.S.C. § 549.

2. This decision constitutes our findings of fact and conclusions of law as required by FED.R. CIV.P. 52 and Bankruptcy Rule 7052.

3. The state court plaintiffs later obtained relief from the automatic stay, proceeded to trial, and obtained a judgment in the amount of $200,000 against the debtor.

4. This was official notification after the April 3, 1986 death of Mrs. Jones. It was very clear

from the testimony, however, that Consuelo Everetts was earmarked for a substantial bequest for some considerable time prior to the death of her employer, and this was common knowledge, according to the debtor's son, Anthony Casados.

5. Mr. Gefreh is a successor trustee, and was not present at the § 341 meeting on May 30, 1986.

6. Debtor filed a motion to withdraw her petition, and testified that she believed that if she did not hear of a denial of the motion by June 30, 1986, the petition would be dismissed automatically and the money would belong to her. However, pursuant to Bankruptcy Court's Local Rules, June 30 was only the last date to object to the motion, and no such automatic dismissal was entered. See 11 U.S.C. § 707(a). After hearing on September 4, 1986, the motion to withdraw the petition was denied. The debtor had disposed of the money long before that hearing.

have any right to retain any gifts or loans [7] made by the debtor from said property. Accordingly, judgment is entered against the defendants, named below, who are ordered to return forthwith, to the trustee, the amounts specified. 11 U.S.C. § 549.

| Consuelo Everetts | $20,000 |
| Anthony Clarence Casados | 10,500 |
| Andrew Timothy Casados | 1,500 |
| Faith Tabernacle Trinity Church[8] | 2,000 |

It is the intention of this decision to effectuate the recovery of a total of $20,000, *see* 11 U.S.C. § 550(c), and therefore any sums recovered from those defendants to whom the debtor transferred property shall reduce the amount the debtor is required to return to the estate. Also, the trustee is ordered to pursue other post-petition recipients of estate property disclosed by the debtor at the hearing.

■ The trustee also asks the Court to revoke the debtor's discharge pursuant to 11 U.S.C. § 727(d)(2). Although the debtor admits that she distributed estate property after the commencement of the case, we find that her conduct was not sufficiently or knowingly fraudulent to warrant that action. She reported the bequest on her amended schedules as required, and we find her actions to have been induced as the result of an elderly, ailing mother's reliance on bad advice from trusted sources who did know what they were doing, and who acted willfully and knowingly in obtaining property from the debtor which was not hers to give. Accordingly, and admitting that we find this to be a close and difficult call, the trustee's complaint seeking revocation of the discharge is denied.

During the hearing, several of the defendants complained of lack of notice regarding the travel of this proceeding, but offered nothing to support those allegations. We find as a fact and conclude as a matter of law that all parties have received notice as certified on the pleadings.

7. The testimony of Anthony Casados, that the money he received from his mother constituted back rent that she owed him, is rejected as a blatant lie, under oath.

At the conclusion of the hearing the trustee moved to withdraw that portion of his complaint seeking to avoid the transfer of the debtor's residence, since the property would be exempt under Colorado law and would be of no benefit to the estate. The motion is granted, and the portion of the trustee's complaint seeking to avoid that transfer is dismissed.

Judgment shall enter accordingly.

8. A default judgment has already entered against the Church.